**Valdencio PEREIRA, aka Val Pereira Steil Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 01–70887.
INS No. A72 994 097.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 10, 2002.

Decided Nov. 8, 2002.

Before KLEINFELD and RAWLINSON, Circuit Judges, and QUACKENBUSH,* District Judge.

## MEMORANDUM**

Valdencio Pereira, a native and citizen of Brazil, petitions for review of the decision of the Board of Immigration Appeals ("BIA") dismissing his appeal and agreeing with the IJ that even though the petitioner's testimony was credible, the petitioner had failed to establish he had suffered past persecution or has a well-founded fear of persecution in Brazil to

---

* The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

* The Honorable Justin L. Quackenbush, Senior District Judge for the Eastern District of Washington, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

entitle him to asylum and withholding of deportation.

The BIA reviewed the IJ's decision *de novo*. Thus our review is limited to the decision of the BIA. *Ghaly v. INS.*, 58 F.3d 1425 (9th Cir.1995). Because the transitional rules apply, *see Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We review for substantial evidence the BIA's determination that an applicant has not established eligibility for asylum, and we must uphold the BIA's decision unless the evidence compels a contrary result. *Singh v. INS*, 134 F.3d 962, 966 (9th Cir. 1998). We deny the petition.

Pereira testified that, due to his participation in a student political organization, "O Sul E Meo Pais" with the purpose of gaining support for the secession of the southern regions of Brazil from the rest of the country, he was under constant police surveillance in Brazil. However, he admitted that he was never arrested, detained, or interrogated by police. Pereira also testified that he learned other members of "O Sul El Meo Pais" were being arrested, and feared he was also in danger. This stated fear was unsupported by any evidence that any member of "O Sul E Meo Pais" was ever abducted, abused, or mistreated in any way.

Because the evidence does not compel the conclusion that Pereira was persecuted or has a well-founded fear of persecution on account of an enumerated ground, the BIA's determination that Pereira failed to establish eligibility for asylum is supported by substantial evidence. *See Acewicz v. INS*, 984 F.2d 1056, 1060–62. It therefore follows that Pereira necessarily failed to meet the more stringent standard for withholding of deportation. *See Prasad v. INS*, 47 F.3d 336, 340 (9th Cir.1995).

**PETITION DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.